RUTH ASHLEY *vs.* COUNTY COMMISSIONERS OF BRISTOL.

Bristol.     March 16, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Certiorari — Abatement of Tax — Statute.*

The St. 1888, c. 315, § 1, entitled "An Act to enable tenants under obligation to pay taxes assessed on real estate to apply for an abatement thereof," is not intended to apply to tenants who are also part owners of the real estate for which they pay rent, and the neglect which the statute excuses, saying that it shall not prevent the making of an abatement, is not the personal neglect of the tenant, but of some other owner of the land which the tenant is under obligation to pay taxes upon.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of the county of Bristol in refusing to abate a tax for the year 1894, assessed upon the petitioner by the assessors of the city of New Bedford.

The question was whether, Rodolphus Ashley having died intestate in 1873, the petitioner, his widow, who occupied his farm by virtue of an oral agreement with his children, whereby for the privilege of so occupying she was to pay the taxes thereon, and under which she was still in possession, having paid taxes assessed in accordance with the terms thereof, was entitled to the benefit of St. 1888, c. 315, § 1, entitled "An Act to enable tenants under obligation to pay taxes assessed on real estate to apply for an abatement thereof." It appeared that the petitioner had failed to bring in a list of her estate liable to taxation, in accordance with the assessors' call, and that one of the children had died subsequently to the death of Rodolphus, leaving the petitioner as sole heir at law. *Morton,* J. reserved the case for the consideration of the full court.

*W. Clifford,* for the petitioner.

*E. D. Stetson,* for the respondents.

BARKER, J.     As tenant in common in fee, the petitioner was owner of the land, and as owner she was herself required to bring in a list of her estate liable to taxation, in accordance with the assessors' call. Under Pub. Sts. c. 11, §§ 69–73, her omission to bring in a list justified the respondents in dismis-

sing her petition for an abatement, unless, as she contends, the case is within the provisions of St. 1888, c. 315, § 1.

Whether, upon the facts, the petitioner could be found to be a tenant paying rent, is at least questionable. However that may be, the St. 1888, c. 315, § 1, is not intended to apply to tenants who are also part owners of the real estate for which they pay rent, and the neglect which the statute excuses, saying that it shall not prevent the making of an abatement, is not the personal neglect of the tenant, but of some other owner of the land which the tenant is under obligation to pay taxes upon.

*Petition dismissed.*